UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**ESCHOL AMY WILSON,**

    **Plaintiff,**

vs.                                                **CASE NO.:**

**UNITED PLUMBING
SOLUTIONS INC,**
a Florida Profit Corporation,
dba **FLAMINGO PLUMBING
& BACKFLOW SERVICES,** and
**DAVID BLOTNICK, Individually,**

    **Defendants.**
_____/

## COMPLAINT

Plaintiff, ESCHOL AMY WILSON, by and through her undersigned counsel, sues the Defendants, UNITED PLUMBING SOLUTIONS INC, a Florida Profit Corporation, dba FLAMINGO PLUMBING & BACKFLOW SERVICES, and DAVID BLOTNICK, Individually, hereinafter referred to as "DEFENDANTS" and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

2. Venue lies within United States District Court for the Southern District of Florida, West Palm Beach Division because a substantial part of the events giving

rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3.      Plaintiff, ESCHOL AMY WILSON, is a resident of Palm Beach County, Florida at all times material and worked for Defendant in this Juridical District during the applicable statute of limitations.

4.      Defendant, UNITED, is a Florida Profit Corporation, authorized and doing business in this Judicial District.

5.      At all times material hereto Defendant, DAVID BLOTNICK, Individually, was an officer of the Defendant Corporation and had direct responsibility and control over the compensation paid to employees of the organization.

6.      Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

7.      Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

8. Plaintiff, ESCHOL AMY WILSON, was employed as a non-exempt employee with Defendant from approximately June 10, 2019 to approximately April 28, 2021.

9. Plaintiff worked in excess of 40 hours per work week for which she was not compensated by Defendant at a rate of time and one half her regular hourly rate.

## COUNT I
### (Fair Labor Standard Act - Overtime)

10. Plaintiff realleges paragraphs one (1) through nine (9) as though set forth fully herein.

11. The employment of Plaintiff provided for a forty (40) hour work week but throughout her respective employment Plaintiff was required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

12. At all times material, Defendants failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half her regular rate of pay for the hours worked over forty (40) in a work week.

13. Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

14. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff

has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, ESCHOL AMY WILSON, respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest; payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy and such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

15. Plaintiff requests a jury trial on all issues so triable.

Dated this 10th day of August, 2021.

**FLORIN, GRAY, BOUZAS, OWENS, LLC**

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Attorneys for Plaintiff*